```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                  MIDDLE DISTRICT OF PENNSYLVANIA

GABRIEL L. MEIGS,                    :
                                     :
          Plaintiff                  :  No. 4:CV-05-1164
                                     :
     vs.                             :  (Complaint filed 6/10/05)
                                     :
LARRY HURLEY AND JAMES SHAW,         :  (Judge Muir)
                                     :
          Defendants                 :
                                     :
```

                              ORDER
                          June 16, 2005

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On June 10, 2005, Gabriel L. Meigs, an inmate at the Bradford County Correctional Facility, Troy, Pennsylvania, filed this action pursuant to 42 U.S.C. § 1983.  Meigs's complaint consists of the standard form to be used by a prisoner filing a civil rights complaint.  Meigs names as defendants Larry Hurley, Chief of Police of Athens Township, Pennsylvania, and James Shaw, a police officer for Athens Township.

Along with the complaint, Meigs filed an application to proceed in forma pauperis and an authorization form to have funds deducted from his prison trust fund account. The court then issued an Administrative Order directing the warden of the institution where Meigs is incarcerated to commence deducting the full filing fee from Meigs's prison trust fund account.

The Prison Litigation Reform Act of 1995 (the "Act"), Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996) imposed new obligations on prisoners who file suits in federal court and wish to proceed in forma pauperis under 28 U.S.C. § 1915, e.g., the full filing fee ultimately must be paid (at least in a non-

habeas suit). Also, a new section was added which relates to screening complaints in prisoner actions. Section 1915(e)(2), which was created by § 804(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

We will now review Meigs's complaint pursuant to the screening provisions of the Prison Litigation Reform Act of 1995.

In section IV entitled "Statement of Claim" of the standard complaint form Meigs states in toto, including grammatical errors, as follows:

> 1. On or about November 26th, 2003, Sergeant James Shaw allegedly coerced an individual named Diane Blake Carrier into making a false statement against me in regards to a criminal case, No.: 04CR000009
>
> 2. In April of 2005, Diane Blake Carrier wrote a statement against Sergeant James Shaw to the affect that he had coerced her into making a false statement against me. Larry Hurley is the chief of police and supervises Sergeant James Shaw.
>
> 3. I filed a complaint, concerning this issue, with the Bradford County District Attorneys office; the Bradford County Commissioners office; District Justice Michael Shaw; President Judge Jeffrey Smith; the federal Bureau of Investigation in Williamsport; the Bradford County Sheriff's Department; and the state police, to no avail I also filed a complaint with the Athens Township Police Department, to no avail.

Doc. 1, Complaint, page 2.

In section V entitled "Relief" of the complaint, Meigs states as follows:

> I want the court to dismiss my criminal charges, and

>order the defendants to do whatever the court deems just
>and proper.

Id. at page 3.

It is well-settled that prisoners cannot use 42 U.S.C. § 1983 to challenge the fact or duration of their confinement or to seek immediate or speedier release. Preiser v. Rodriguez, 411 U.S. 475 (1973). To the extent that Meigs's § 1983 complaint is challenging the duration of his incarceration and seeking immediate or early release from prison, that portion of the complaint will be dismissed for failure to state a claim on which relief may be granted.[1]

A plaintiff, in order to state a viable § 1983 claim, must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

Claims brought under § 1983 cannot be premised on a theory of respondeat superior. Capone v. Marinelli, 868 F.2d 102, 106 (3d Cir. 1989) (citing Hampton v. Holmesburg Prison Officials, 546 F.2d 1017, 1082 (3d Cir. 1976)); Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). In Capone,

---

[1]This dismissal is without prejudice to Meigs's right to file a petition for writ of habeas corpus. However, before Meigs can seek habeas relief in this court, he must fully exhaust his state court remedies.

the court noted "that supervisory personnel are only liable for the § 1983 violations of their subordinates if they knew of, participated in or acquiesced in such conduct."  868 F.2d at 106 n.7.

An application of the above standards to Meigs's complaint clearly shows that he has failed to set forth a cognizable claim against Larry Hurley, Chief of Police of Athens Township.  A careful review of the complaint shows that with regard to Hurley, the plaintiff is attempting to impose liability on the basis of <u>respondeat</u> <u>superior</u>.  Thus, dismissal of the claim against defendant Hurley is appropriate.

The United States Supreme Court has held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by acts whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination or called into question by a federal court's issuance of a writ of habeas corpus."   Heck v. Humphrey, 512 U.S 477, 486-87, 114 S.Ct. 2369, 2372 (1994).

To the extent that Meigs is seeking monetary damages from Shaw, it appears that the claim is barred by <u>Heck</u>. Meigs appears to be alleging that Shaw coerced a witness to testify against him at a criminal trial.  It appears that Meigs was convicted based on that testimony.  He now contends that the witness, Diane Blake Carrier, has come forward and claims that

4

she was coerced by Shaw to testify falsely at Meigs's trial. Such a claim draws into question Meigs's conviction. Consequently, he can not, under Heck, maintain a cause of action for damages based on his contention that his imprisonment or conviction is unlawful, until the basis for that imprisonment or conviction, whatever that may be, is rendered invalid.

It is possible that our interpretation of Meigs's complaint as it relates to defendant Shaw is erroneous. Consequently, we will permit Meigs's to file an amended complaint.  The amended complaint must be complete in all respects.  It must be a new pleading which stands by itself without reference to the complaint already filed.  Such amended complaint should set forth his claims in short, concise and plain statements.  It should specify which actions are alleged as to which defendants.  The complaint should not contain legal argument or reference to court cases.  If Meigs fails to file an amended complaint adhering to the standards set forth above within the time prescribed, this case will be closed.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.  Meigs's complaint is dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2.  Within 30 days from the date hereof Meigs may file an amended complaint.

3.  If Meigs fails to file an amended complaint within 30 days of the date hereof, the Clerk of Court will be directed to close this case.

4.  Any appeal from this order will be deemed frivolous, without probable cause and not taken in good faith.

s/Malcolm Muir

MUIR
United States District Judge

MM:gs